CAMPBELL, Acting Chief Judge.
Appellant, Wal-Mart Stores, Inc., challenges the final judgment entered in favor of appellee, Angelia Coleman, following a jury trial.
Appellant raises three issues on appeal, two of which relate to the jury’s damages calculations and their resulting verdict. We reverse on these issues. The remaining issue, in which we find no merit, concerns alleged improper comments by ap-pellees’ counsel.
This case arises out of injuries Mrs. Coleman received when she slipped and fell in an apparent spill of liquid detergent while pushing a shopping cart down an aisle in the Wal-Mart store. The jury returned a verdict finding Wal-Mart 51% negligent and Mrs. Coleman 49% negligent. The evidence showed that Mrs. Coleman had incurred medical bills in the amount of $51,355.02. In response to question 4 on the jury form, the jury awarded Mrs. Coleman $62,355 for past medical expenses and lost earnings. That award is not contested. In dispute are the damage awards arising out of the jury’s responses to question 5 on the verdict form. Questions 5 and 6 inquired of the jury and the jury responded as follows:
4. What is the total amount of damages sustained for past medical expenses and lost earnings in the past? $ 62,355.00
*424 5. What is the amount of any future damages for medical expenses and lost earning ability to be sustained in future years?
a. Total damages over future years $ 7,500.00
b. The number of years over which those future damages are intended to provide compensation 5 years
c. What is the present value of those future damages? $ 37,500.00
6. What is the amount of damages for the following, in both the past and future, for Plaintiffs pain and suffering; disability; physical impairment; mental anguish, inconvenience; aggravation of a physical condition; and loss of capacity for the enjoyment of life?
a. In the past? $ 5,000.00
b. In the future? $ -0-
Total amount of damages sustained by ANGELIA COLEMAN (add lines 4, 5(c), 6(a) and 6(b) to obtain total): $104,855.00
The jury was polled and all agreed that this was their verdict. The court noted that the figures were in the wrong place with regard to question 5 on the verdict form, and in discussions held at the bench, it was determined that in arriving at a figure for present value, the jury had multiplied the number of future years (five) (question 5b) by $7,500 (question 5a). The court sent the jury back for further deliberations, and they returned with the same calculation for damages. The court then sent the jury out a third time. When they returned, the jury increased the future damages on line 5a of the verdict form from $7,500 to $37,500, and increased the present value of those damages on line 5c from $37,500 to $50,000. The jury also changed the total amount of damages from $104,855 to $117,355. Before the jury was discharged, Wal-Mart’s counsel objected to the verdict. Wal-Mart’s counsel subsequently filed a motion requesting reinstatement of the jury’s initial verdict, or in the alternative, a motion for remittitur/motion for new trial. The trial court denied the motion without hearing.
The trial judge erred in failing to order a remittitur. It is obvious in its initial verdict, the jury had concluded that Mrs. Coleman’s total future damages over a five-year period was $37,500. It also appears that in determining the present value of those damages, the jury utilized the “total offset” method approved in Delta Air Lines, Inc. v. Ageloff, 552 So.2d 1089 (Fla.1989).
After questioning by the court, it is apparent that the jury misconceived the court’s instructions and mistakenly altered their verdict. The final alterations to the verdict form result in figures that are not supported by the evidence and could not have been adduced in a logical manner by reasonable persons. (The error occurred when the jury changed the present value of future damages from $37,500 to $50,-000.) The court should, therefore, have ordered a remittitur pursuant to section 768.74, Florida Statutes (1997). We reverse and remand to the trial court for the entry of an order of remittitur in the amount of $12,500 so that the total damage award to Mrs. Coleman would be $104,855. If appellees do not agree to the remittitur, *425 the trial judge shall order a new trial on damages only.
Reversed and remanded.
FULMER and WHATLEY, JJ., Concur.